**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-19-871 |
| **PATRICE WANKI,** *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

In this interpleader action, Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") brings suit against Defendants Patrice Wanki and Iota Communications, Inc. f/k/a Solbright Group, Inc. ("Iota"), requesting that the Court authorize Plaintiff to deposit $34,850.51 in wired funds into the Registry of the Court, dismiss Plaintiff from the action, discharge Plaintiff from further liability relating to the funds, and award Plaintiff the attorneys' fees and costs associated with this case. ECF No. 1. Pending before the Court is Plaintiff's Motion to Interplead Restrained Proceeds into the Registry of the Court and Motion for Dismissal ("Motion for Interpleader Relief"). ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Interpleader Relief is granted. Once the wired funds have been deposited with the Registry of the Court, Plaintiff shall be dismissed, discharged from liability, and awarded $6,637.72 in attorneys' fees and costs from the deposited funds. The remaining parties shall be realigned, with Iota as Plaintiff and Patrice Wanki as Defendant.

## I. BACKGROUND

Plaintiff is a national banking association with its main office in Sioux Falls, South Dakota. ECF No. 1 ¶ 3. Iota is a Delaware corporation with its principal place of business in New Hope, Pennsylvania, and it holds a Wells Fargo WellsOne account ("Iota Account"). *Id.* ¶¶ 4, 10. Wanki is a resident of Greenbelt, Maryland and holds a Wells Fargo Everyday Checking account ("Wanki Account"). *Id.* ¶¶ 5, 10. The relationship between Plaintiff and Iota relative to the Iota Account and the relationship between Plaintiff and Wanki relative to the Wanki Account are governed by the Wells Fargo Deposit Account Agreement (the "Account Agreement"). *Id.* ¶ 15.

On or about November 30, 2018, Iota wired $34,901.00 from the Iota Account to the Wanki Account. *Id.* ¶ 10. Iota subsequently requested that the wired funds be recalled based on alleged fraud. *Id.* ¶ 11. Plaintiff restrained the Wanki Account, which now contains a balance of $34,850.51 (the "Restrained Funds"). *Id.* Despite multiple requests, Wanki has not authorized Plaintiff to debit the Restrained Funds from the Wanki Account. *Id.* ¶ 12.

Plaintiff initiated this interpleader action against Iota and Wanki on March 24, 2019. ECF No. 1. Iota filed an Answer on April 18, 2019. ECF No. 4. An Affidavit of Service filed on May 12, 2019 shows that Wanki was served via substituted service on April 6, 2019. ECF No. 6. Wanki did not file an answer or otherwise respond to this action. Plaintiff subsequently filed a Motion for Clerk's Entry Default on May 13, 2019, ECF No. 7, and the Clerk entered a default against Wanki on August 8, 2019, ECF No. 10. On July 18, 2019, Plaintiff filed a Motion for Interpleader Relief requesting that the Court order it to deposit the Restrained Funds in the Registry of the Court or, in the alternative, to pay the funds directly to Iota. ECF No. 8. Iota

responded on July 25, 2019, stating its preference that the Court order the Restrained Funds be paid to it directly. ECF No. 9.

## II. STANDARD OF REVIEW

"Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." *Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002). The device is designed "to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Id.* In interpleader claims, the interpleader plaintiff typically will "admit liability, deposit the fund with the court, and be permitted to withdraw from the proceedings." *Wells Fargo Bank, N.A. v. Eastham*, Case No. DKC–16–0386, 2016 WL 2625281, at *3 (D. Md. May 9, 2016) (citing *CMFG Life Ins. Co. v. Schell*, Case No. GJH–13–3032, 2014 WL 7365802, at *2 (D. Md. Dec. 22, 2014)).

28 U.S.C. § 1335(a) "grants the district courts original jurisdiction over interpleader claims involving at least $500.00 in funds or property and at least two claimants of diverse citizenship." *Eastham*, 2016 WL 2625281, at *3 (citing 28 U.S.C. § 1335(a)). 28 U.S.C. § 2361 provides that in an interpleader action under Section 1335:

> [A] district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property . . . involved in the interpleader action until further order of the court.
> . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

3

An interpleader action generally proceeds in two stages. *Eastham*, 2016 WL 2625281, at *2 (citing 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 1714 (3d ed. 2001); *Rapid Settlements, Ltd. v. U.S. Fid. & Guar. Co.*, 672 F. Supp. 2d 714, 717 (D. Md. 2009)). Initially, the Court determines "whether the stakeholder has properly invoked interpleader." *Eastham*, 2016 WL 2625281, at *2 (citing *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)). The propriety of interpleader rests upon whether the stakeholder "legitimately fears multiple litigation over a single fund," *id.*, and the Court considers whether: "(1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns [would] prevent the use of interpleader." *Id.*; *see also Metro. Life Ins. Co. v. Vines*, Case No. WDQ–10–2809, 2011 WL 2133340, at *2 (D. Md. May 25, 2011). If the Court determines interpleader to be proper, consistent with 28 U.S.C. § 2361, "the Court may direct the funds plus interest to be deposited with the Clerk, dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder regarding the [property at issue]." *Eastham*, 2016 WL 2625281, at *2.

During the second stage of an interpleader action, the Court issues a scheduling order and "the case continues between the claimants to determine their respective rights." *Id.* (citing *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). The claimants engage in the "normal litigation processes, including pleading, discovery, motions, and trial." *Id.* (citing *High Tech.*, 497 F.3d at 641).

## III. DISCUSSION

### A. Propriety of Interpleader Relief

Plaintiff has satisfied the requirements for invoking interpleader. Jurisdiction is proper under 28 U.S.C. § 1335 because the amount in controversy exceeds $500.00 and Defendants are of diverse citizenship, as Iota is a corporation incorporated under the laws of Delaware, *see* 28 U.S.C. § 1332 ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated"), and Wanki is an individual domiciled in Maryland.

Further, a single fund—the Restrained Funds—is at issue, and Iota and Wanki are "adverse claimants" to that fund. This is true even though Wanki "has not expressly made a claim to the funds, because Plaintiff need only show the existence of a potential claimant to the funds to satisfy this element." *Mfrs. & Traders Trust Co. v. Del Conca USA, Inc.*, Case No. GJH–16–3346, 2017 WL 3175567, at *3 (D. Md. July 25, 2017); *see also* 28 U.S.C. § 1335 ("Two or more adverse claimants . . . are claiming or may claim to be entitled to such money or property."); *Eastham*, 2016 WL 2625281, at *3 ("Section 1335 expressly provides that an interpleader action is appropriate to resolve *potential* claims." (emphasis in original)); *Krishna v. Colgate Palmolive Co.*, Case No. 90 CIV. 4116 (CSH), 1991 WL 125186, at *2 (S.D.N.Y. July 2, 1991) ("[A]dverse claims need not have actually been asserted for an interpleader action to be proper. The language of both Rule 22 and 28 U.S.C. § 1335 allow for the invocation of interpleader for the possibility of prospective claims."). Here, because the Retrained Funds are held in the Wanki Account, Wanki is a potential adverse claimant.

In addition to Wanki's potential claim, Iota asserts that the Restrained Funds properly belong to it. Thus, Plaintiff may be threatened with liability if it is obligated to determine who is entitled to the funds and decides incorrectly. *See Metro. Life Ins. Co. v. Vines*, Case No. WDQ–

10–2809, 2011 WL 2133340, at *3 (D. Md. May 25, 2011) (noting that interpleading plaintiff "may be liable for damages if it incorrectly disburses" the remaining funds).

Finally, there are no equitable concerns preventing the use of interpleader because Plaintiff attests that it is a disinterested and impartial stakeholder to the Restrained Funds, and it makes no claim to those Funds. *See Allstate Life Ins. Co. v. Ellett*, Case No. 2:14CV372, 2015 WL 500171, at *4 (E.D. Va. Feb. 4, 2015) (noting that plaintiff was "a disinterested stakeholder that does not dispute the amount owed under the relevant insurance policy, and is timely asserting, in good faith, that it is unable to determine which claimant is legally entitled to such funds" and finding interpleader to be appropriate). Accordingly, the requirements for an interpleader action have been met.

At this point, the Court will typically order Plaintiff to deposit the Restrained Funds with the Registry of the Court. *See Mfrs. & Traders Trust Co.*, 2017 WL 3175567, at *4. Plaintiff has requested, in the alternative, that it be permitted to pay the Funds directly to Iota because, given Wanki's failure to respond to this action, there is no dispute over who is entitled to the Funds. ECF No. 8 ¶ 17. Iota has indicated a strong preference for Plaintiff's alternative request. ECF No. 9.

Plaintiff and Iota are effectively asking the Court to enter default judgment against Wanki. Such a request is premature, however, as default judgment against Wanki "cannot be resolved in the current posture." *Mfrs. & Traders Trust Co.*, 2017 WL 3175567, at *2; *see also Eastham*, 2016 WL 2625281, at *5 (noting that interpleader defendant's motion for default against other defendant could not "be resolved in the present posture," and therefore realigning the remaining parties as adversaries and directing further proceedings); *Prudential Ins. Co. of Am. v. White*, Case No. 1:16-CV-1094, 2017 WL 2834459, at *3 (M.D. Pa. June 29, 2017)

(denying interpleader plaintiff's motion for default judgment against one defendant, noting that "the Court finds that such relief is more appropriately sought in the second stage of this proceeding . . ."). Once Plaintiff has deposited the Restrained Funds into the Registry of the Court and the parties are realigned, the remaining parties may assert their entitlement to the Funds as is typical in the second stage of an interpleader action.

Thus, the Court directs Plaintiff to deposit the Restrained Funds, plus interest that has accrued since November 30, 2018, with the Registry of the Court. Upon receipt of the Funds, the Court shall dismiss Plaintiff from the action, discharge Plaintiff from further liability relating to the Funds, and enjoin Defendants from instituting or prosecuting any proceedings in state or federal court affecting the funds involved in this interpleader action, pursuant to 28 U.S.C § 2361. The remaining parties in this action shall be realigned, with Iota as Plaintiff and Wanki as Defendant. Any motions addressing claims to the Restrained Funds must be filed within thirty days. *See Eastham*, 2016 WL 2625281, at *5.

### B. Attorneys' Fees and Costs

Plaintiff also requests that it be awarded attorneys' fees and costs. "[I]t is within the discretion of the court to award the [interpleader] costs including a reasonable attorneys' fee out of the deposited fund." *Eastham*, 2016 WL 2625281, at *4 (citing *Coppage v. Ins. Co. of N. Am.*, 263 F. Supp. 98, 100 (D. Md. 1967)); *see also Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, Case No. PX–15–2953, 2017 WL 319521, at *1 (D. Md. Jan. 23, 2017) (noting that "[t]he Court retains broad discretion to award the stakeholder its costs, including reasonable attorneys' fees, out of the deposited fund."). The rationale is that "[b]ecause the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in a single court," granting attorneys' fees to the stakeholder is often justified. *Stonebridge Life Ins. Co. v.*

*Kissinger*, 89 F. Supp. 3d 622, 627 (D.N.J. 2015) (internal quotations omitted). Attorneys' fees and costs are, however, appropriate only when the interpleader plaintiff acts "as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." *Jericho*, 2017 WL 319521, at *1 (citing 7 Charles Alan Wright et al., Federal Practice and Procedure § 1719 (3d ed. 2001)).

Additionally, "[w]hen an award of costs and attorneys' fees to a stakeholder in a successful interpleader action is equitable, it should also be modest." *Id.* at *2. "By its very nature [an interpleader fee] is of a relatively small amount simply to compensate for initiating the proceedings." *Id.* (citing *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (5th Cir. 1962)). In general, a stakeholder's ability to recoup attorneys' fees and costs is limited, because the interpleader process "does not usually involve any great amount of skill, labor or responsibility." *Id.* (citing *Lewis v. Atl. Research Corp.*, Case No. 98-0070-H, 1999 WL 701383, at *7 (W.D. Va. Aug. 30, 1999)). An award of attorneys' fees should be "properly limited to the preparation of the petition for interpleader, the deposit of the contested funds with the court, and the preparation of the order discharging the stakeholder." *Id.*

Here, Plaintiff requests $6,637.72 in attorneys' fees and costs. The Account Agreement between Plaintiff and each of the Defendants expressly authorizes collection of attorneys' fees and costs, ECF No. 1-1 at 19,[1] and the request for attorneys' fees and costs is unopposed. Moreover, the amount of fees requested is limited to the time expended litigating this interpleader action, ECF No. 8-3 ¶ 7, and the amount of costs requested is limited to the filing and service costs incurred during litigation, *id.* ¶ 8. The amount requested is also consistent with awards previously permitted in interpleader actions. *See, e.g.*, *Mfrs. & Traders Trust Co.*, 2017

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

WL 3175567, at *6 (awarding $9,092.60 in attorneys' fees and costs); *Sun Life Assur. Co. of Canada*, 466 F. Supp. 2d 714, 717 (W.D. Va. 2006) (awarding fees and costs in the amount of $3,200 out of a disputed fund of $41,175.46). Accordingly, an amount of $6,637.72 shall be disbursed from the Registry of the Court to Plaintiff for attorneys' fees and costs once the Restrained Funds have been deposited.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Interpleader Relief is granted. A separate Order shall issue.

Date: <u>December   6, 2019</u>                          __/s/_____
                                                                            GEORGE J. HAZEL
                                                                            United States District Judge